NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 24-3019

# In the United States Court of Appeals for the District of Columbia Circuit

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

*v.*

CHARLES EDWARD LITTLEJOHN,
DEFENDANT-APPELLANT

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(1:23-CR-343-ACR-1)
(THE HONORABLE ANA C. REYES)*

**BRIEF OF AMICUS CURIAE BOOZ ALLEN HAMILTON INC.
IN SUPPORT OF APPELLEE**

ROBERT A. VAN KIRK
STEVEN M. CADY
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), amici curiae make the following certification:

**(A)  Parties, Intervenors, and Amici.**  Except for the following, all parties, intervenors, and amici appearing before the district court and in this court are listed in the Brief for Defendant-Appellant.

Amicus for Plaintiff-Appellee in this Court is Booz Allen Hamilton Inc.

**(B)  Rulings Under Review.**  References to the rulings at issue appear in the Brief for Defendant-Appellant.

**(C)  Related Cases.**  This case has not previously been before this Court or any other court for appellate review.  To the best of the knowledge of amicus curiae and its counsel, no related cases are currently pending in this Court or in any other federal court of appeals, or in any other court in the District of Columbia.

/s/ Robert A. Van Kirk<br>
ROBERT A. VAN KIRK

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, and D.C. Circuit Rule 26.1, amicus curiae submits the following corporate disclosure statement:

Amicus Booz Allen Hamilton Inc. states it is not a publicly traded corporation and is an indirect, wholly-owned subsidiary of Booz Allen Hamilton Holding Corporation. Booz Allen Hamilton Holding Corporation is a publicly held company whose shares are traded on the New York Stock Exchanges. Booz Allen Hamilton Holding Corporation has no parent company and, except as is disclosed in its filings with the Securities and Exchange Commission, Booz Allen Hamilton Inc. has no knowledge that a publicly held corporation owns more than 10% of Booz Allen Hamilton Holding Corporation's shares.

**STATEMENT REGARDING CONSENT TO FILE AND AUTHORSHIP**

Appellee consents to the filing of the proposed amicus brief. Appellant opposes the filing of the proposed amicus brief.

No counsel for a party authored amicus's brief in whole or in part, and no entity or person, aside from amicus, its members, and its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................1

SUMMARY OF ARGUMENT.....................................................................2

I.     Littlejohn Hid His Breach Of The Public Trust While Committing An Egregious Crime ...........................................................3

         A.    A Hidden And Severe Crime Deserves Serious Punishment........4

         B.    Littlejohn's Conduct Was Extreme, Even For Leakers................6

II.    Littlejohn's Egregious Disclosure Continues To Harm The American Public And Booz Allen................................................................7

  CONCLUSION................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*MacNeil v. Booz Allen Hamilton, Inc.*, No. 8-25-cv-963 (D. Md.)......................7

*Pepper v. United States*, 562 U.S. 476 (2011) .......................................5

*Safe Harbor Intl. v. Booz Allen Hamilton, Inc.*, No. 8-25-cv-139 (D. Md.)......7

*United States v. Brevard*, 18 F.4th 722 (D.C. Cir. 2021).....................................6

*United States v. Tucker*, 404 U.S. 443 (1972) ........................................5

*Warren v. Booz Allen Hamilton, Inc.*, No. 8-24-cv-1252 (D. Md.) ....................7

**Other Authorities**

U.S. Sentencing Guideline § 2H3.1 ..................................................................3

# INTRODUCTION AND STATEMENT OF INTEREST

Booz Allen Hamilton Inc. ("Booz Allen") is a private sector leader that develops advanced technologies to safeguard America and support some of the country's most important missions. Among other things, Booz Allen supports military operations, modernizes healthcare, promotes energy independence, and assists the Internal Revenue Service, all to the benefit of the American people. As a U.S. government contractor, Booz Allen understands the importance of public trust in government institutions.

Charles Edward Littlejohn violated that public trust. He used his position of public service to invade the privacy of President Trump and thousands of other Americans in an effort to make his own, self-serving political point. In doing so, Littlejohn not only abused his role as a contractor for the Internal Revenue Service by exploiting security flaws in the IRS systems—he betrayed Booz Allen, his employer, and harmed Booz Allen's reputation. As Littlejohn's aggrieved former employer and a company with a long history of public service, Booz Allen believes its perspective on Littlejohn's crimes are relevant to the Court, including regarding why he deserves a substantial prison sentence for deterrence.

Littlejohn's unlawful disclosures harmed many organizations and individuals. After Littlejohn was assigned to the IRS contract, he engaged in a premediated criminal scheme on IRS systems; hid his conduct from the IRS

and Booz Allen, which had no way to detect his activity on IRS systems; targeted a sitting president; downloaded thousands of private returns from IRS systems; and disclosed at least some of those returns to the press. Littlejohn could have been charged with several criminal counts, and he already received the benefit of a single-count plea deal. This Court should not reduce his punishment any further.

## STATUTES INVOLVED

All applicable statutes are contained in the Brief for Defendant-Appellant.

## SUMMARY OF THE ARGUMENT

Amicus agrees with the arguments of the United States. As a matter of law and fact, Littlejohn's sentence was procedurally and substantively reasonable (given that it was the maximum for his single charged count). Procedurally, he received an individualized sentence based on evidence in the record, not based on any predetermined ill-will by the sentencing Court, and with an adequate explanation for his deserved upward variance. Substantively, Littlejohn's extreme criminal misconduct, hidden from the IRS and his employer, easily satisfied the requirements for the statutory maximum, and his unique breach of the public trust explains any difference between his sentence and other leakers of private information from government databases.

Booz Allen writes separately to provide perspective on Littlejohn's activity as his former employer and to explain how the abuse of his position of trust has harmed Booz Allen and the American public.

## ARGUMENT

### I. LITTLEJOHN HID HIS BREACH OF THE PUBLIC TRUST WHILE COMMITTING AN EGREGIOUS CRIME

The sentencing court accurately characterized Littlejohn's conduct as a severe threat to the stability of American government. His plot to disclose the President's and private taxpayers' information for a political purpose undermined public faith in government institutions. Littlejohn targeted not just the sitting president, but also other "high officials." A145, 179-80, 185, 197, 199, 213. Littlejohn's sentence is commensurate with the severity of his crime.

On appeal, Littlejohn contends (at 20) that he received no "individualized sentence." But that ignores his admissions and the sentencing court's finding that, even when measured against other bad actors, Littlejohn's specific misconduct was uniquely egregious. Littlejohn deserved the maximum sentence because his charged offense level far understated the seriousness of his crimes. U.S. Sentencing Guideline § 2H3.1, App. note 5.

### A. A Hidden and Severe Crime Impacting Many Victims Deserves Serious Punishment.

Booz Allen hired Littlejohn in 2017 to work with the IRS Internal Analytics team, but the company had no inkling that their technologically savvy and experienced employee had nefarious motives. Had Booz Allen known of Littlejohn's intentions, the company would have immediately terminated Littlejohn's employment. Taxpayer information is among the most sensitive data collected by the U.S. government. A153. Booz Allen takes seriously its security commitments. Indeed, Littlejohn received regular training from Booz Allen regarding secure handling of taxpayer information and the criminal consequences of disclosing confidential files. A204.

Littlejohn nonetheless abused the access that the IRS provided him to unmasked taxpayer data in the IRS system. He admitted to "develop[ing] a sophisticated, detailed plan to secretly download" tax returns and information from an "IRS database" using "generalized" queries to hide his tracks from the IRS, which monitored and regulated his activities on their systems, outside the control of Booz Allen. A29-31, 74. Littlejohn thereafter devised a system to upload the information to a private website to "avoid IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems." A29. In further deception, Littlejohn copied the data onto his "iPod (which, using his specialized technical skills, he had configured as a personal

4

hard drive)" and hid his activity on IRS systems from the IRS (and derivatively Booz Allen) by using virtual computers. A29, 74; SOF ¶¶ 5-6, 10-12. His scheme initially worked to conceal his crimes. A102, 204.

Littlejohn's rogue and criminal behavior was not only outside the scope of his employment, it was antithetical to Booz Allen's mission to serve the American government, including through its work with the IRS. Littlejohn hid his political scheme from the IRS and Booz Allen, and knowingly violated his ethical responsibilities, Booz Allen's and IRS's policies, and the law. He "abused a position of trust" and "betrayed the trust" of the IRS and his "firm" Booz Allen by "employ[ing his] highly specialized technical skills" to exploit a loophole in the IRS system. A32. Littlejohn bears full responsibility for his crimes. A191 ("I alone am responsible for this crime and I received no compensation in return for committing it.").

Littlejohn knew that his crimes hurt rather than helped American democracy, something a sentencing judge can and should consider when fitting the punishment to the crime. *See Pepper v. United States*, 562 U.S. 476, 488-89 (2011); *United States v. Tucker*, 404 U.S. 443, 446 (1972). As the sentencing Court recognized, among the most severe crimes Americans can commit are those that "attack our constitutional democracy." A145. It is an indictment, rather than a defense, that Littlejohn had a twisted view that it was a "moral imperative to break the law," A144, and that he had a "sincere … belief that

5

[he] was serving the public interest," A191. In violating the trust Booz Allen (and by proxy, the American people) put in him, Littlejohn "undermined the fragile faith that we place in the impartiality of our government institutions," as the sentencing judge said, A192, and "as a result, many in this nation now have further reason to question [that] impartiality," A203.

Booz Allen does not tolerate illegal behavior, regardless of the motivation. In the words of the sentencing judge, "our democracy will surely die if our governing philosophy becomes partisan political ends justify illegal means." A194. Booz Allen hopes that all individuals who think about following Littlejohn's lead and abusing their positions of trust to attack the U.S. government or its representatives, regardless of party, will think twice after seeing Littlejohn's maximum sentence.

### B. Littlejohn's Conduct Was Extreme, Even for Leakers

Littlejohn contends (at 52-56) that the upward departures from the sentencing guidelines were unreasonable because the maximum sentence should be reserved for the worst of the worst. Yet it is hard to imagine a more extreme violation of the statute than the unprecedented leak involving thousands of individuals and businesses, which was "unparalleled in the history of the [IRS]." A165-66, 199.

Upward departures are warranted where the guidelines range does not accurately reflect the seriousness of the crime committed. *See United States*

6

*v. Brevard*, 18 F.4th 722, 728-29 (D.C. Cir. 2021). The statutory maximum for the single charged count in no way reflects the seriousness of Littlejohn's "multi-year criminal scheme targeting" President Trump and other Americans because of their political ideology or wealth. A194.

## II. LITTLEJOHN'S EGREGIOUS DISCLOSURE CONTINUES TO HARM THE AMERICAN PUBLIC AND BOOZ ALLEN

Worse yet, Littlejohn (at 29 n.4) ignores the "collateral consequences" of his actions "beyond [invading] President Trump's privacy." Littlejohn's position defies credulity. The collateral consequences are broad and continuing, as recognized by the sentencing Court and experienced by Booz Allen.

Littlejohn's plea did not stem the tide of public reporting from his disclosures. A166. Taxpayers are left wondering whether their private information was disclosed by Littlejohn, and whether it could become part of a public report. A168-69, 200.

Booz Allen too was negatively affected by Littlejohn's criminal misconduct. Booz Allen has endured negative press, questions from lawmakers and policymakers, and reputational harm resulting from Littlejohn's unforeseeable—and unauthorized—criminal behavior on IRS systems. Angry victims have improperly sought recompense for injuries caused by Littlejohn by suing Booz Allen as his former employer. *See Safe Harbor Intl. LLC v. Booz Allen Hamilton, Inc.*, No. 8-25-cv-139 (D. Md.) (consolidated class action); *MacNeil v. Booz Allen Hamilton, Inc.*, No. 8-25-cv-963 (D. Md.); *Warren v. Booz Allen*

7

*Hamilton, Inc.*, No. 8-24-cv-1252 (D. Md.).  Responding to these baseless lawsuits (Littlejohn, not Booz Allen, committed the crimes) takes time and expense, distracting from Booz Allen's important work serving the American people.  Because of the harm that Littlejohn caused to the President and certain other taxpayers, to the public trust, and to Booz Allen, he deserves no leniency.

## CONCLUSION

Littlejohn committed a crime against the American people and American democracy, and violated the public trust and Booz Allen's trust.  Booz Allen hopes this Court will uphold the procedurally and substantively reasonable sentence of Charles Edward Littlejohn.

Respectfully submitted,

/s/ Robert A. Van Kirk
ROBERT A. VAN KIRK
STEVEN M. CADY
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*

JULY 14, 2025

8

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND WORD-COUNT LIMITATIONS**

I, Robert A. Van Kirk, counsel for amicus curiae and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), that the attached Brief of Amicus Curiae in Support of Plaintiff-Appellee is proportionately spaced, has a typeface of 14 points or more, and contains 1591 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1).

/s/ Robert A. Van Kirk
ROBERT A. VAN KIRK

JULY 14, 2025

## CERTIFICATE OF SERVICE

I, Robert A. Van Kirk, counsel for amicus curiae and a member of the bar of this Court, certify that, on July 14, 2025, a copy of the attached Brief of Amicus Curiae in Support of Plaintiff-Appellee was filed with the Clerk of the Court through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Robert A. Van Kirk
ROBERT A. VAN KIRK