# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-3019 |
| | ) | |
| CHARLES EDWARD LITTLEJOHN, | ) | |
| | ) | |
| Appellant. | ) | |

## OPPOSITION TO BOOZ ALLEN HAMILTON INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Appellant Charles Edward Littlejohn hereby opposes Booz Allen Hamilton Inc.'s ("Booz Allen") motion for leave to file an amicus brief in this case. The Court should deny the motion and strike the proposed amicus brief from the record for two reasons: (1) Booz Allen's brief improperly expands the record on appeal, and (2) Booz Allen's view of the propriety of Mr. Littlejohn's sentence is irrelevant to the legal issues on appeal and the disposition of the case—*i.e.*, whether the district court erred procedurally and substantively in sentencing Mr. Littlejohn.

A nonparty seeking to submit an amicus brief must demonstrate a sufficient interest and explain "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). A proposed amicus brief must be "relevant to the issues before this court," "avoid

repetition of facts or legal arguments made in the principal . . . brief and focus on points not made or adequately elaborated upon in the principal brief." D.C. Cir. Rule 29(a).

This Court denies motions for leave to appear as amicus curiae when the movant "has not sufficiently identified its interest in the case and how its participation as amicus curiae would assist the court." *Am. Trucking Ass'ns., Inc. v. EPA*, Nos. 97-1440, 97-1502, 97-1441, 97-1599, 97-1546, 97-1619, 1998 WL 65651, at *1 (D.C. Cir. Jan. 21, 1998) (citing Fed. R. App. P. 29). *See also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J., in chambers) (explaining that implicit in Fed. R. App. P. 29, leave to file an amicus brief "should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance"). Even consent motions to participate as amicus curiae may be denied "on grounds that participation would be unhelpful." *Lever Bros. Co. v. United States*, No. 92-5185, 1992 WL 443768, at *1 (D.C. Cir. Aug. 21, 1992) (citing *Am. Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)).

Booz Allen asserts that it "has a strong interest in the outcome of this appeal" because Mr. Littlejohn "betrayed" its "trust" and it "suffered tremendous harm" from his conduct. Booz Allen's Mot. at 1. It seeks "to explain th[e] unique harm" that

it suffered and "offer its perspective on why Littlejohn deserves the sentence he received." *Id*. But not every person aggrieved by a criminal defendant's actions has an interest sufficient to participate as amicus curiae.

As an initial matter, Booz Allen's "perspective" and view of the reasonableness of Mr. Littlejohn's sentence is wholly irrelevant and inappropriate for this Court to consider at this stage in the proceedings. Booz Allen did not attempt to assert an interest or complain of harm in the district court before sentencing. Its interest and harm are therefore not part of the record on appeal. *See* Fed. R. App. P. 10(a) (record on appeal consists of only "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk").

Booz Allen had the same opportunity as every other nonparty to make its views on Mr. Littlejohn known to the sentencing judge. The proper procedure for sharing its views in this case would have been for Booz Allen to submit a statement through the government before sentencing in the district court. Indeed, victims submitted statements to the district court through the government, and members of Congress even submitted a statement directly to the judge *in camera*, which the court (improperly) considered before sentencing. A147, A295–301. By failing to make any attempt to make a statement in the district court, Booz Allen effectively forfeited

any right to make a statement at this stage in the case. *See McCleskey v. Zant*, 499 U.S. 467, 523 n. 10 (1991) ("[T]his Court will not consider an argument advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). Injecting an impact statement now into this sentencing appeal as a purported amicus serves no purpose other than to improperly expand the appellate record and prejudice Mr. Littlejohn on appeal by tainting the case with prejudicial extra-record information.

In addition, "there is no persuasive reason to grant" an amicus motion when the nonparty has no "legally cognizable interest in the subject matter at issue" and "there is no indication that the parties . . . will not adequately present all relevant legal arguments." *Am. Coll. of Obstetricians & Gynecologists, Pa. Section*, 699 F.2d at 645.

Booz Allen has no legally cognizable interest in the outcome here. The only parties with any interest in a criminal case are the criminal defendant and the United States of America. Congress has expanded this traditional notion by granting the victims of certain offenses the right to be heard by the district court. 18 U.S.C. § 3771(a)(4). But "crime victims have no right to directly appeal a defendant's criminal sentence." *United States v. Monzel*, 641 F.3d 528, 541 (D.C. Cir. 2011)

4

(citation omitted). And, in any event, there is no question that Booz Allen is not in the category of persons to which Congress has granted rights in a criminal proceeding.

There is also no indication that the government failed to adequately present all relevant legal arguments. Booz Allen clearly agrees that the government's response brief adequately presented all relevant legal arguments because Booz Allen did not include a separate legal argument in its proposed amicus brief. Instead, the proposed brief "agrees with the arguments of the United States," markets the company, disclaims the company's liability for Mr. Littlejohn's actions, and alleges facts not in the record. Booz Allen's Br. at 2, 4–8. The brief contains no relevant point not developed in the government's principal brief and adds nothing new or important to the disposition of the case. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers) ("[A]n *amicus curiae* brief should be additive—it should strive to offer something different, new, and important.").

Permitting amicus briefs like this one in criminal cases is problematic and would open the door to every person, victim, and nonparty who considers themselves interested and/or aggrieved to file an amicus brief supporting or opposing an individual's criminal sentence. Nonparties are already represented in criminal

5

cases by the government. There is no authority for allowing a nonparty whose interests are already adequately represented by the government in a criminal case a mechanism for reiterating or expanding upon arguments in support of those interests and/or offering arguments irrelevant to the legal issues before the Court. If anyone with a view about a criminal defendant's sentence could submit an amicus brief opining on the reasonableness of the sentence in a sentencing appeal, the Court would be flooded with unhelpful amicus briefs from all directions expanding the district court record in criminal sentencing appeals.

Accordingly, Mr. Littlejohn respectfully requests that the Court deny the Motion for Leave to File Brief of Booz Allen Hamilton Inc. as Amicus Curiae in Support of Appellee and strike from the appellate record the Brief of Amicus Curiae Booz Allen Hamilton Inc. in Support of Appellee.

                                            Respectfully submitted,

                                            A.J. Kramer
                                            Federal Public Defender

                                            _____/s/_____
                                            Matthew L. Farley
                                            Celia Goetzl
                                            Assistant Federal Public Defenders
                                            625 Indiana Avenue, N.W.
                                            Suite 550
                                            Washington, D.C. 20004
                                            (202) 208-7500

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion contains 1,243 words in Times New Roman 14 point font and does not exceed the word limit of Fed. R. App. P. 27(d)(2).

/s/
Celia Goetzl